UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Joseph Wells | § | CIVIL ACTION NO: |
| | § | |
| Plaintiff, | § | |
| | § | SECTION "   " (   ) |
| v. | § | |
| | § | |
| International Offshore Services, L.L.C., and | § | |
| International Marine, L.L.C. | § | |
| | § | |
| Defendants. | § | RULE 9(h) |

# Plaintiff's Original Complaint

Plaintiff Joseph Wells brings this action complaining of Defendants International Offshore Services, L.L.C., and International Marine, L.L.C. (collectively as "Defendants") and would respectfully show the Court that:

## I.
## Jurisdiction

1. This claim is maintained under the Jones Act (46 U.S.C. § 30104) and/or the general maritime law of the United States.

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

## II.
## Venue

3. Venue is proper because Defendants' principal place of business is in this District.

## III.

## Parties

4. Plaintiff is an American citizen and resident of Alabama. As an American seaman, Plaintiff brings this action pursuant to Section 1916, Title 28, United States Code, without the prepayment of costs or the necessity of depositing security.

5. Defendant International Offshore Services, L.L.C. is a Louisiana entity with its principal place of business in this District. Defendant International Offshore Services, L.L.C. may be served with process though its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

6. Defendant International Marine, L.L.C. is a Louisiana entity with its principal place of business in this District. Defendant International Marine, L.L.C. may be served with process though its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808.

## IV.

## Nature of the Action

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about August 20, 2011. On or about this date, Plaintiff was employed by Defendants on the M/V INT'L TITAN which was owned, operated and/or managed by Defendants. While the vessel was deployed on navigable waters and while Plaintiff, as a member of its crew, was contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries when the vessel allided with a fixed structure causing Plaintiff to fall and injure himself. As a result of Defendants' negligence, Plaintiff injured his back and other parts of his body.

8. Defendants are negligent and negligent per se for the following reasons:

   a. failure to properly supervise their crew;

   b. failure to properly train their employees;

   c. failure to provide adequate safety equipment;

   d. failure to provide adequate medical treatment;

   e. operating the vessel with an inadequate crew;

   f. failure to maintain the vessel;

   g. failure to maintain a proper lookout;

   h. vicariously liable for their employees' negligence;

   i. violating applicable Coast Guard, OSHA, and/or MMS rules; and

   j. other acts deemed negligent.

9. At all relevant times, the vessel was unseaworthy.

10. Plaintiff invokes the *Pennsylvania* rule and the *Oregon* rule.

11. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems.  Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.

12. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.  As an American seaman, Plaintiff is also entitled to maintenance and cure.  Plaintiff demands Defendants institute maintenance payments at the rate of $45/day from the date of the incident going forward.  Defendants have willfully,

wantonly, arbitrarily, and capriciously failed to live up to its maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## V.
### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, attorneys' fees, punitive damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

*/s/ Scott LaBarre*

_____
Scott LaBarre
LA State Bar No. 17659
SCOTT LABARRE, L.L.C.
3500 N. Hullen Street
Metairie, Louisiana  70002
PH:    (504) 456-8640
FAX:   (504) 456-8624
labarrecs@yahoo.com

**ATTORNEY FOR PLAINTIFF**